BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
AMY E. POTTER
amy.potter@usdoj.gov
Assistant United States Attorney
405 E. 8th Street, Suite 2400
Eugene, Oregon  97401-2708
Telephone: (541) 465-6771
Attorneys for the United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **6:20-cv-00237-BR** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT,** *in rem,* **FOR FORFEITURE** |
| **$10,040.00 U.S. CURRENCY,** *in rem*, | |
| **Defendant.** | |

Plaintiff, United States of America, by Billy J. Williams, United States Attorney for the

District of Oregon, and Amy E. Potter, Assistant United States Attorney, for its complaint *in rem*

for forfeiture, alleges:

I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to

21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

/ / /

**Complaint** *in rem* **for Forfeiture**                                                                              **Page 1**

II.

Defendant, *in rem*, $10,040.00 U.S. Currency, was seized in the District of Oregon, and is now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendants, *in rem*, $10,040.00 U.S. Currency represents proceeds traceable to an exchange for controlled substances or were used or intended to be used to facilitate such a transaction in violation of 21 U.S.C. § 841(a)(1), and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6), as more particularly set forth in the declaration of Sean Cummings, Special Agent, Drug Enforcement Administration, marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, plaintiff, United States of America, prays that due process issue to enforce the forfeiture of defendant, *in rem*, $10,040.00 U.S. Currency, that due notice be given to all interested persons to appear and show cause why forfeiture of these defendants, *in rem*, should not be decreed; that due proceedings be had thereon; that these defendants be forfeited to the United States; that the plaintiff United States of America be awarded its costs and disbursements incurred in this action.

DATED: **February 13, 2020.**          Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Amy E. Potter*
**AMY E. POTTER**
Assistant United States Attorney

**Complaint *in rem* for Forfeiture**                                          **Page 2**

**VERIFICATION**

I, SPECIAL AGENT SEAN CUMMINGS, declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. Section 1746, that I am a Special Agent with the Drug Enforcement Agency and that the foregoing Complaint *in rem* for Forfeiture is made on the basis of information officially furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is true as I verily believe.

*s/Sean Cummings*
SEAN CUMMINGS
Special Agent
Drug Enforcement Agency

**DECLARATION of SEAN CUMMINGS**

I, SEAN CUMMINGS, do hereby declare:

**BACKGROUND/EXPERIENCE**

1.  I am a Special Agent with the Drug Enforcement Administration (DEA). I have been employed in the field of law enforcement since 1992 and have worked as a Dispatcher, Police Services Officer, Police Officer for the City of Eureka Police Department in Eureka, California. After promotion to Detective, I was assigned to the Bureau of Narcotics Enforcement Task Force with primary responsibility to investigate controlled substance offenses. I have been employed as a DEA Special Agent since July 1999.

2.  I completed the 17-week DEA Basic Agent Training program in Quantico, Virginia. The training focused on methods of unlawful drug trafficking; the identification of controlled substances; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activities; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets intended to be used to facilitate the drug violations. My specialized training has included, but is not limited to, investigating the manufacture, possession, and distribution of controlled substances listed within the Controlled Substance Act; executing search and arrest warrants involving drug offenses; gathering drug and non-drug evidence; participating in undercover assignments; supervising and utilizing informants; investigating clandestine laboratories, smuggling, and money laundering; and monitoring drug-related conversations via Court authorized electronic eavesdropping.

///

///

**Declaration of Sean Cummings**                                                      **Exhibit A Page 1**

**PURPOSE OF THIS DECLARATION**

3.  This declaration is submitted in support of a civil complaint *in rem* for forfeiture of

$10,040.00 in U.S. Currency seized by the Springfield Police Department (SPD) from Richard

Molnar during the execution of a state search warrant.  As described below, there is probable

cause to believe that the $10,040.00 is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as it

constitutes or was derived from proceeds traceable to violations of 21 U.S.C. § 841(a)(1). This

declaration does not include all of the facts known to me regarding this investigation, only those

sufficient to establish probable cause to seize the above referenced assets.

**SUMMARY OF THE INVESTIGATION**

4.  In August 2019, SPD conducted an investigation into Richard Molnar's drug

trafficking activities.  According to SPD Detective Keith Seanor, Molnar had been involved in

the distribution of controlled substances for approximately five years. Convicted of drug crimes,

Molnar went to prison and was released in late 2018 or early 2019.  After his release from prison,

Detective Seanor and other law enforcement learned that Molnar was again selling heroin and

methamphetamine, which led to the 2019 investigation.

5.  On August 12, 2019, SPD executed a state search warrant on Molnar's apartment.  In

Molnar's apartment, SPD found plastic bags containing substances later confirmed to be heroin

and methamphetamine.  There was a total of 824.2 grams of methamphetamine and 269.4 grams

of heroin.  SPD also found digital scales and plastic bags commonly used to package illegal

drugs for sale and two firearms in the apartment.   One of the firearms had been reported stolen.

SPD also seized $10,040.00 in cash that was inside an open white mailing envelope addressed to

"Elizabeth [sic] Pasqualini," an attorney at Shaffer & Engle in Pennsylvania.  The cash was

divided into nine rubber-banded bundles and wrapped in plastic as pictured below:

**Declaration of Sean Cummings**                                                                **Exhibit A Page 2**



6.  Molnar was arrested and charged with delivery of heroin and delivery of methamphetamine.  He had two small plastic bags with .5 ounces of what appeared to be illegal drugs in his pocket.  The suspected drugs that were on Molnar's person were not tested.  Molnar had no known employment at the time of the search warrant and has criminal history in the following states: Michigan, Georgia, Pennsylvania, Oregon and Florida.  He has convictions for receiving stolen property, larceny, possession and delivery of a controlled substance, weapons offenses, forgery, auto theft, eluding a police officer, and felon in possession of a weapon.

7.  After his August 2019 arrest, Molnar was convicted of unlawful possession and distribution of methamphetamine and heroin in Lane County Circuit Court and was sentenced to 153 months' imprisonment.  He is currently serving his sentence with the Oregon Department of

Corrections.

8. Camille Dorfler, a friend of Molnar who was residing temporarily with him, was also at the apartment when the search warrant was executed. She claimed she did not know about Molnar's drug activities, and she has no criminal history related to drug crimes.

9. DEA sent notice of the seizure to Richard Molnar, Camille Dorfler, and Elisabeth Pasqualini (Molnar had spelled her first name incorrectly on the envelope). Only Molnar filed a claim. His claim was for the $10,040.00

10. In his claim, Molnar stated that the $10,040.00 found in his apartment was comprised of (1) $2500 from the sale of a vehicle to Savn Blaylock; (2) $2800.00 from the sale of a vehicle to Lisa Peais; (3) a $3500.00 gift from his ex-wife Mellisa O'Brien; and (4) $1250.00 from lottery scratch-it tickets. He said he was sending the money to Pasqualini because he had a warrant in Pennsylvania. He also stated he received $879 a month from the Veteran's Administration because he is a disabled veteran.

11. I reviewed Molnar's claim and the bills of sale he provided. With respect to the sale to Blaylock, he submitted a DMV bill of sale form for the sale of a BMW 325I with a license plate 900CXQ. The date of sale on the form was August 1, 2019, and the date appears to be written in pencil while other parts of the form are in pen. A review of records provided by DMV for this vehicle show that Scott Reynolds has been the owner since January 7, 2015. There are no records indicating the vehicle was sold or has a new owner. However, I located a July 20, 2019, Eugene Police Department report in which Molnar, after being stopped by EPD, admitted to switching the license plate (900CXQ) on two BMWs he was purchasing.

12. With respect to the sale to Peais, Molnar submitted a handwritten bill of sale signed by Peais with a date of sale of July 24, 2019. The vehicle is listed as a "Hyundi [sic]

Elantra" with a VIN ending in 2881. The vehicle record for this vehicle indicates it was purchased on April 21, 2019, by Peais and a title was issued on April 23, 2019, in the name of both Lisa Peais and Richard Molnar. The insurance was updated on the vehicle in December 2019. There is no record of any sale or change in the names on the title.

13.    I also looked into Molnar's ex-wife, Mellisa O'Brien, including reviewing law enforcement databases. O'Brien has multiple arrests and at least one conviction for possession of methamphetamine. She filed for bankruptcy in 2015, which was discharged in 2016. She and Molnar filed for divorce in 2016. In 2018, there was a child support case filed in Lane County Circuit Court that was captioned: *Mellisa Lucille O'Brien v. Jason John Carlson*. The State of Oregon was listed at the creditor. Other child support cases have been filed in the past. Given this history, it seems unlikely that O'Brien had $3500.00 to gift to her ex-husband who she had divorced three years earlier. Molnar did not provide any documentation related to this gift.

14.    Molnar also did not provide any documentation related to the Oregon Lottery winnings. In his claim, he stated that no receipts are provided for winnings under $600.00. A check of the financial database for distribution of cash winnings did not reflect any cash distributions to Molnar from the Oregon Lottery or any local casinos.

15.    Based on my training and experience, I am aware that in 2019, in this area, 824.2 grams of methamphetamine costs about $5,000 and can be sold for over $10,000 dollars if packaged for individual sale. Similarly, 269.4 grams of heroin costs $8,000 and if packaged for individual sale, can be sold for over $16,000 dollars.

16.    Based on my training and experience, I believe that the $10,040.00 seized from Molnar was the proceeds of his drug trafficking activities and not cash from gifts or the sale of vehicles as he states in his claim.

**Declaration of Sean Cummings**                                            **Exhibit A Page 5**

## CONCLUSION

17.  Based on the foregoing and my training and investigative experience, I have probable cause to believe that the $10,040.00 in U.S. Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as it constitutes or was derived from proceeds traceable to a specified unlawful activity, possession and distribution of controlled substances, a violation of 21 U.S.C. § 841(a)(1).

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

Executed this 12th day of February.


*s/Sean Cummings*
Sean Cummings
Special Agent
Drug Enforcement Administration

**Declaration of Sean Cummings**                                    **Exhibit A Page 6**

🖘JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | $10,040.00 U.S. CURRENCY, in rem |

| **(b)**   County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant    Lane County |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| **(c)**   Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Amy E. Potter - United States Attorney's Office | |
| 405 E. 8th Street, Suite 2400, Eugene OR 97401-2708 | |

## II.  BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☒ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☐ 3   Federal Question (U.S. Government Not a Party)

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893  Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN    (Place an "X" in One Box Only)

☒ 1   Original Proceeding

☐ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from another district (specify)

☐ 6   Multidistrict Litigation

☐ 7   Appeal to District Judge from Magistrate Judgment

| **VI.  CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 881(a)(6) |
|---|---|
| | Brief description of cause: forfeiture of property as proceeds and/or facilitation of drug trafficking |

| **VII.  REQUESTED IN COMPLAINT:** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint: JURY DEMAND:    ☐ Yes   ☒ No |
|---|---|---|---|

| **VIII.  RELATED CASE(S) IF ANY** | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 2/13/2020 | s/ Amy E. Potter |

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE